**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**


**VIRGIL SMALL, #L1799**                                                             **PETITIONER**

**VERSUS**                                          **CIVIL ACTION NO. 2:09-cv-175-KS-MTP**

**RONALD KING**                                                                      **RESPONDENT**

**MEMORANDUM OPINION**

Petitioner, an inmate of the Mississippi Department of Corrections, filed on August 31,

2009, a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 and requested *in forma*

*pauperis* status.  On September 1, 2009, this Court entered an Order [3] that directed

Petitioner to file a completed *in forma pauperis* application or pay the required $5.00 filing

fee, on or before September 22, 2009.  The Order warned Petitioner that failure to keep this

Court informed of his current address or failure to timely comply with the requirements of the

Order would lead to the dismissal of his Petition.  Petitioner failed to comply with this Order.

On October 8, 2009, an Order [4] was entered directing Petitioner to show cause,

within fifteen days, why this case should not be dismissed for his failure to comply with the

Court's September 1, 2009 order.  In addition, Petitioner was directed to comply with the

Order of September 1 2009, within fifteen days.  The Order to Show Cause warned Petitioner

that failure  to keep this Court informed of his current address or failure to timely comply

with the requirements of the Order would lead to the dismissal of his Petition without further

notice.  On October 14, 2009, the postal service returned the envelope [5] containing the

October 8, 2009 order [4] with the notation "return to sender, unable to forward."

Petitioner has failed to comply with two Court orders. This Court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*. *See generally Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

The Court concludes that dismissal of this action for Petitioner's failure to prosecute and failure to comply with the orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure is proper. Since the Respondents have not been called on to respond to the Petition, and the Court has not considered the merits of Petitioner's claims, the Court's order of dismissal is without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith*, 201 Fed. Appx.265, 267 (5th Cir.2006).

A Final Judgment in accordance with this Memorandum Opinion will be entered.

SO ORDERED, this the  23rd  day of  November, 2009.

> *s/ Keith Starrett*
> UNITED STATES DISTRICT JUDGE